CLD-039                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3546
_____

IN RE:  MATTHEW TUCKER,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. Nos. 2-15-cv-01376 and 2-15-cv-04433)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 5, 2015

Before:  FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 19, 2015)
_____

OPINION*
_____

PER CURIAM

     Petitioner Matthew Tucker, who is involuntarily committed at Greystone Park

Psychiatric Hospital, filed this petition for a writ of mandamus, alleging delay in the

adjudication of a habeas petition and a separate civil rights action that he filed in the

United States District Court for the District of New Jersey.  For the following reasons, we

will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992). An appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but the manner in which a court controls its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

Tucker filed the civil rights action in February 2015. The District Court administratively closed the case the next month for failure to pay fees, but reopened it in April 2015 after Tucker filed a motion to proceed in forma pauperis. Since then, Tucker has filed approximately 35 notices, supplemental motions, and applications. Tucker filed the habeas petition in June 2015, and, over the following four and a half months, has filed approximately 20 notices. Tucker filed the present mandamus petition on October 22, 2015, complaining that the District Court was "not timely ruling" on his cases.

Although the delay in Tucker's cases may be attributable in part to his numerous filings, the District Court's failure to take any substantive action in either case raises some concern. Nevertheless, the delays are not so lengthy as to justify our intervention at

2

this time. We are confident that the District Court will act promptly to move both cases

forward. Thus, we conclude that there is no basis here for an extraordinary remedy.[1]

For the foregoing reasons, we will deny the petition for a writ of mandamus.

---

[1] To the extent that Tucker's difficult-to-decipher filings request any other relief, it is denied.